REBECCA L. RUPPIN, Appellant, v. J. W. LEE, Appellee.

Action for Recovery of Money: EVIDENCE TO SUPPORT FINDING OF COURT.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FRIDAY, MAY 26, 1893.

ACTION for money had and received, an equitable counterclaim, and a decree from which the plaintiff appealed.—*Affirmed.*

*Ranck & Wade,* and *Hedges & Rumple,* for appellant.

*Milton Remley,* for appellee.

GRANGER, J.—In October, 1887, the plaintiff placed in the hands of the defendant the sum of three thousand dollars, and again, in December, 1887, the sum of one thousand dollars. The money was sent to one Carey R. Smith, at Santa Ana, California, and by him invested in real estate, with the title in the name of the plaintiff. The plaintiff's claim is that she placed the money in the hands of the defendant, to be loaned for her, and she brings her action as for money so had and received. The defendant's claim is that he received the money under an agreement that it should be sent to Smith in California, for investment in real estate, intrusting the investment there to the judgment of Smith; that the plaintiff was to furnish the money for the investment, and the parties were to share the profits thereof equally; that the money was, in pursuance to such agreement, invested by Smith in certain lots in California, with the title thereof in the plaintiff; that the transaction has never been completed by a sale

of the lots, and that the plaintiff now refuses to recognize the transaction in the purchase of the lots as in any manner hers, but denies the same, and brings her action to recover the money furnished the defendant. The defendant files his cross petition in equity, reciting the facts, and averring that he has advanced the sum of fifty-six dollars and forty-one cents on account of sidewalks, exchange, taxes, and recording, in connection with said investments, which the plaintiff refuses to pay. The defendant asks a decree in effect requiring plaintiff to perform according to the conditions of the agreement. A reply puts in issue the averments of the cross petition. The district court found for the defendant as to the three thousand dollar item, and gave decree for performance, and found for the plaintiff as to the one thousand dollar item, entering a conditional decree in her favor. It is from the decree granting affirmative relief to the defendant that the appeal is taken.

The decree must be affirmed. The testimony is conflicting, but it preponderates largely in favor of the defendant. As to the agreement, upon which the money was received, it was verbal, the witnesses in support of the defendant's contention being as three to one, with no discrediting circumstances in favor of the plaintiff. The circumstances of the investment, at a time when motives or purposes to falsify or disguise the true condition were entirely wanting, are also highly corroborative of the defendant's claim as to the facts. The then anticipated profits of the investment, seemingly a certainty, were beyond any possible results from a loan of the money, which was the inducing cause of the money being sent to the west for investment.

When we divest the record, as we must, of a large amount of immaterial, and in every sense, useless matter, the prominent and controlling facts are not difficult of solution. The questions in the case are of fact, and the testimony upon which they are found is not of importance beyond this case. It is a fact that for years the plaintiff and her husband relied upon the defendant for counsel and aid in the conduct of their affairs, relying with implicit confidence upon his integrity and judgment. The plaintiff also knew Mr. Smith; saw his letters as to the situation and the prospect for profitable investment in California; and both she and the defendant, no doubt, believed the opportunity a good one for large returns in a few months. Because of the long-continued confidence of the plaintiff in the defendant, and her placing so fully her business and affairs under his control or direction, which, up to this transaction, seemed to be satisfactory, there has been a want of such business methods and precautions as to, in some respects, throw doubts upon some parts of the transaction. It is not unusual for such results to flow from such relationships. We are further impressed with a belief that, but for the interference of other parties, there would have been no such contention as to the facts as to give rise to this case.

The judgment of the district court is AFFIRMED.